UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LACLEDE GAS COMPANY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| ST. CHARLES COUNTY, STATE OF MISSOURI and L.F. KRUPP CONSTRUCTION, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## **VERIFIED COMPLAINT**

Plaintiff Laclede Gas Company ("Laclede") states the following as its Verified Complaint against Defendants St. Charles County, State of Missouri ("St. Charles County" or the "County") and L.F. Krupp Construction, Inc., d/b/a Krupp Construction Inc. ("Krupp").

### **Parties**

1. This action is brought under 42 U. S. C. § 1983 to remedy and prevent deprivation of Plaintiff Laclede's rights secured by the Takings Clause of the Fifth Amendment to the United States Constitution.

2. Plaintiff Laclede is a corporation organized and existing under the laws of the State of Missouri and is a publicly regulated utility company that provides natural gas service, by means of gas lines, mains and other facilities to customers throughout the greater St. Louis Metropolitan area.

3. Defendant County is a Charter County and political subdivision of the State of Missouri.

5420447.1

4.  Upon information and belief, Defendant Krupp is a corporation organized and existing under the laws of the State of Missouri, doing business under the name Krupp Construction, Inc.

## Jurisdiction and Venue

5.  This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 because this action arises under the United States Constitution and 42 U.S.C. § 1983. This Court has pendent jurisdiction over state claims and supplemental jurisdiction over other parties pursuant to 28 U. S. C. § 1367.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendants County and Krupp are residents of this judicial district, and because the acts complained of herein emanated from or took place within this district.

## Factual Allegations

### A.  Laclede's Gas Mains and Lines and the Subject Easements

7.  Laclede has installed gas lines, mains and other facilities throughout St. Charles County for the purpose of providing natural gas service to its ratepayers who are residents of the County.

8.  Beginning in 1987, the developers/owners of the Muirfield, Crosshaven and Summit at Whitmoor subdivisions in St. Charles County conveyed easements to Laclede ("Laclede Easements") to ensure gas utility service to residents of these subdivisions. The easement conveyances are contained in five plats recorded for development of these subdivisions. These subdivision plats (referred to hereinafter as the "Subdivision Plats") include the following: Muirfield Plats One, Two and Three (recorded at St. Charles County Plat Book 27, pages 168-69, Plat Book 27, pages 170-71, and Plat Book 28, pages 72-73, respectively);

Crosshaven Estates (recorded at St. Charles County Plat Book 36, page 318); and The Summit at Whitmoor (recorded at St. Charles County Plat Book 36, page 390). True and accurate copies of the Subdivision Plats are attached hereto as Exhibits 1 through 5, respectively.

9. Each of the subdivisions created by the Subdivision Plats borders Pittman Hill Road.

10. Beginning in 1987, Laclede installed gas lines, mains and other facilities in the Laclede Easements. The Laclede Easements and related gas facilities are located in the area of Pitman Hill Road in St. Charles County. These gas facilities include the 6 inch gas main that is the subject of Counts I through III of this Complaint (the "Gas Main").

11. In 2007, the County planned to widen and improve a section of Pitman Hill Road. This road project is known as the Pitman Hill Road Phase II project ("Project"). The Project included relocation of certain Laclede gas lines and facilities because road construction and use would interfere with the Laclede Easements and existing gas lines and facilities.

12. Laclede expressed willingness to relocate its facilities to accommodate the Project but advised the County that it was entitled to reimbursement for its relocation costs because the Laclede Easements are constitutionally protected property interests.

**B.     The Easement Litigation between Laclede and the County**

13. The County refused to compensate Laclede for the cost of moving its gas facilities.

14. Instead, on or about September 15, 2008, the County filed a Declaratory Judgment action against Laclede in the Circuit Court of St. Charles County, State of Missouri. That declaratory judgment action (together with subsequent appeals discussed below, the "Easement Litigation") was styled *St. Charles County v. Laclede Gas Company*, Cause No.

0811-CV08506. The County sought a declaratory judgment that Laclede was required to relocate its gas facilities from the Laclede Easements at its own expense.

15. On November 5, 2009, the Circuit Court of St. Charles County entered summary judgment in favor of St. Charles County.

16. Laclede appealed the circuit court's decision.

17. On August 30, 2011, the Missouri Supreme Court issued its Opinion ("Opinion") reversing the trial court's November 5, 2009 Judgment and holding that Laclede possessed constitutionally protected property interests in the Laclede Easements. *See St. Charles County v. Laclede Gas Company*, --- S.W.3d ---, 2011 WL 3837157 (Mo. banc Aug. 30, 2011) (copy attached hereto as Exhibit 6). The Missouri Supreme Court held that the Laclede Easements were protected under the Takings Clause of the Fifth Amendment of the United States Constitution. *Id.* at *2. The Missouri Supreme Court further held that the interference with Laclede's easement rights constituted a taking of Laclede's property, and that Laclede cannot be compelled to relocate its facilities from the Laclede Easements without compensation from the County. *Id.*

18. Throughout the Easement Litigation, the County has engaged in a pattern of oppressive and harassing conduct to force Laclede to surrender its constitutional rights to compensation.

19. In addition to constructing a retaining wall over a live gas main, as hereinafter alleged, this pattern of conduct has also included:

   a. The County refused to honor existing Utility Agreements with Laclede which provided for reimbursement of Laclede's relocation costs on other road projects.

To collect amounts owed it under these Utility Agreements, Laclede was forced to file a lawsuit.

  b. The County unsuccessfully prosecuted Laclede for contempt to force relocation of gas facilities from the Laclede Easements, despite the fact that the trial court's judgment did not require Laclede to take any action.

  c. After the failed contempt charge, the County pursued through trial a 95-count criminal complaint against Laclede, alleging that Laclede violated a County ordinance by claiming compensation for moving its lines. The County then dismissed the criminal action after the issuance of the Opinion.

20. As a direct result of the County's harassing litigation tactics related to the Easement Litigation, Laclede has been damaged.

### C. The County's Construction of the Retaining Wall Over Laclede's Easement and Gas Main

21. Upon information and belief, the County contracted with Krupp to serve as its general contractor on the Project.

22. Upon information and belief, the County and Krupp began construction on the Project in May, 2011.

23. Upon information and belief, after failing to force Laclede to relocate its Gas Main and other facilities without compensation, the County instructed Krupp to proceed with road construction over the Laclede Easements and its existing facilities, including the Gas Main.

24. On or about July 27, 2011, Laclede learned that the County and Krupp had begun construction of Retaining Wall #3 (the "Retaining Wall") and completed installation of two rows of concrete blocks directly over Laclede's Easement and Gas Main. The Retaining Wall was located approximately in the area of Station 14+50 to Station 16+50 of the Project. .

25. Shortly thereafter, Laclede informed Krupp, by letter, that the Retaining Wall encroached on the Laclede Easements and was directly over the Gas Main. It demanded that construction over the Gas Main cease.

26. Despite repeated demands by Laclede, the County and Krupp continued construction of the Retaining Wall over the Gas Main. Copies of the pertinent correspondence are attached hereto as Group Exhibit 7.

27. Not only did it refuse to stop construction over the Gas Main, on August 9, 2011, the County threatened to sue Laclede once again for assertion of its rights in the Laclede Easements. A true and accurate copy of the August 9, 2011 letter from the County to Laclede is attached hereto as Exhibit 8.

28. When the Missouri Supreme Court issued its Opinion in the Easement Litigation, Laclede advised the County that the Opinion validated its easement rights and that construction of the Retaining Wall constituted an actionable interference with the Laclede Easements, and a unconstitutional taking. *Id.* at p. 2. A true and accurate copy of that September 7, 2011 letter is attached hereto as Exhibit 9.

29. Despite the Opinion, the County has refused and continues to refuse to remove the Retaining Wall from the Laclede Easement or to reimburse Laclede for its relocation costs.

**D.   The County and Krupp Have Refused to Remove the Retaining Wall, and Have Continued the Project**

30. The County and Krupp completed construction of the Retaining Wall at some date after Laclede notified the County of the presence of its easement and Gas Main.

31. The presence of the Retaining Wall over the Laclede Easement and Gas Main has severely diminished and/or destroyed completely the value of the Laclede Easement and Gas Main. Because of the Retaining Wall, Laclede is unable to service its Gas Main.

32. The Retaining Wall over the Laclede Easement and Gas Main may also endanger public safety. The Gas Main was not designed and constructed with the intent that a concrete-block retaining wall be constructed above it. The Retaining Wall interferes with the Laclede Easement, prevents access to the Gas Main in case of a leak or other service issues, and over time, may threaten the structural integrity of the Gas Main. Among the rights guaranteed by the constitutionally protected Laclede Easement is access to its facilities when and as necessary.

33. The plans for the Project require further construction of retaining walls and road improvements in conflict with other Laclede Easements and existing gas facilities.

34. If, as planned, the County and Krupp construct retaining walls and other improvements over the Laclede Easements and gas facilities as part of the Project, such construction will unreasonably interfere with and diminish, if not completely destroy the value of the Laclede Easements and related gas facilities.

35. If retaining walls and other road improvements are constructed over the Laclede Easements and existing gas facilities, they may endanger the public safety.

## COUNT I—VIOLATION OF 42 U.S.C. § 1983 (against St. Charles County)

36. Laclede restates and incorporates by reference the preceding Paragraphs 1 through 35 as if fully set forth herein.

37. As owner, Laclede lawfully installed its Gas Main and other facilities in the Laclede Easements and possesses compensable property interests in the Laclede Easements.

38. The County through its contractor Krupp acted under color of state law by constructing the Retaining Wall over the Laclede Easement and has thereby deprived Laclede of its rights secured by the Takings Clause of the Fifth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

39. The County has failed and refused to compensate Laclede for the taking of its property. Its refusal to compensate Laclede violates the Takings Clause of the Fifth Amendment to the United States Constitution and 42 U.S.C. § 1983.

40. As a direct result of the County's actions, Laclede has been damaged.

41. Despite the Opinion, the County has failed and refused to remove the Retaining Wall from the Laclede Easement and threatens further interference with and the taking of its compensable interests in other Laclede Easements impacted by the Project.

42. Plans for the Project include construction of other retaining walls and improvements within the Laclede Easements and over existing gas facilities.

43. Unless this Court restrains the County and Krupp, they will continue construction of retaining walls and other improvements within the Laclede Easements and over its gas facilities, thereby further depriving Laclede of its constitutionally protected property interests. Unless this Court restrains the County and Krupp, Laclede will suffer irreparable injury.

44. Laclede has no adequate remedy at law.

45. The County has acted with malice, and with conscious indifference to and reckless disregard for Laclede's constitutional rights.

WHEREFORE, for all of the foregoing reasons, Laclede respectfully requests that this Court:

(a) enter judgment in its favor on this Count I;

(b) award Laclede its damages caused by the County's deprivation of Laclede's constitutionally-protected property rights;

(c) enjoin the County's existing deprivations of Laclede's constitutionally-protected property rights, and so as to prevent future deprivations of Laclede's constitutionally-protected

property rights, and ordering that construction on the Project be stopped and/or limited such that no further deprivations of Laclede's constitutionally-protected property rights occur;

(d) award Laclede punitive damages based upon the County's oppression, malice, gross negligence, willful or wanton misconduct, and/or a reckless disregard for the civil rights of Laclede and disregard for public safety;

(e) award Laclede its attorneys' fees incurred herein;

(f) award Laclede its costs and other expenses incurred herein; and

(g) grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II—NUISANCE (against St. Charles County)

46. Laclede restates and incorporates by reference the preceding Paragraphs 1 through 45 as if fully set forth herein.

47. The County's unreasonable and illegal interference with the Laclede Easement and Gas Main constitutes a nuisance.

48. The County plans future construction of retaining walls and road improvements directly over other Laclede Easements and gas facilities as part of the Project. Its planned construction will cause further illegal and unreasonable interferences with the Laclede Easements and gas facilities, constituting a nuisance in such additional locations as well.

49. Laclede has repeatedly notified the County of its illegal and unreasonable interference with the Laclede Easement and Gas Main to no avail. On many occasions, Laclede has expressed its willingness to relocate its gas facilities if the County provides binding assurances that Laclede will be compensated for the loss of its easement rights and existing gas facilities. To date, the County has refused to provide any such assurances.

50. Laclede has been damaged as a direct result of the County's illegal and unreasonable interference with the Laclede Easement and Gas Main.

51. Moreover, the continued construction of retaining walls and other improvements over Laclede Easements and gas facilities threatens Laclede with irreparable harm. Unless this Court enjoins such construction, Laclede will suffer irreparable harm. Laclede has no adequate remedy at law.

52. The County's illegal conduct is oppressive, malicious, and in wilful or reckless disregard of Laclede's rights.

WHEREFORE, for all of the foregoing reasons, Laclede respectfully requests that this Court:

(a) enter judgment in its favor on this Count II;

(b) award Laclede its damages caused by the County's interference with Laclede's easements and easement rights;

(c) order injunctive relief so as to remedy the County's existing interference with Laclede's easements and easement rights, and so as to prevent future interferences with Laclede's easements and easement rights, including ordering that construction on the Project be stopped and/or limited such that no further interferences with Laclede's easements and easement rights occur;

(d) award Laclede punitive damages based upon the County's oppression, malice, gross negligence, willful or wanton misconduct, and/or a reckless disregard for Laclede's rights and disregard for public safety;

(e) award Laclede its attorneys' fees incurred herein;

(f) award Laclede its costs and other expenses incurred herein; and

(g)	grant such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III—NEGLIGENCE (against Krupp)

53.	Laclede restates and incorporates by reference the preceding Paragraphs 1 through 52 as if fully set forth herein.

54.	As contractor for the Project working near and around established utility easements and facilities, Krupp owed a duty of reasonable care to Laclede.

55.	The duty of reasonable care required Krupp to comply with the Missouri Underground Facility Safety and Damage Prevention Act, R.S.Mo. §§ 319.015 *et seq.* ("Underground Facility Act").

56.	Sections 319.025(1) and 319.026(1) R.S. Mo. of the Underground Facility Act, required Krupp to identify the location of the Gas Main and other gas facilities before beginning its work.

57.	Before beginning construction of the Retaining Wall, Krupp failed to identify the location of the Gas Main and similar facilities as required by the Underground Facilities Act.

58.	By violating the Underground Facilities Act, Krupp violated its duty of reasonable care, creating a presumption of its negligence.

59.	Had Krupp complied with the Underground Facilities Act, it would have verified the presence of the Gas Main before constructing the Retaining Wall and could have avoided interference with the Laclede Easement and Gas Main.

60.	Krupp's construction of the Retaining Wall was negligent, grossly negligent and in reckless or wilful disregard of Laclede's rights.

61. As a direct result of Krupp's construction of the Retaining Wall, Laclede has been damaged.

62. Upon information and belief, Krupp has threatened to continue, and/or is continuing construction on the Project, including but not limited to the future construction of other retaining walls and improvements over the Laclede Easements and gas facilities.

63. Krupp's conduct with respect to the Laclede Easement and Gas Main was grossly negligent, malicious, wilful, and/or in reckless disregard for Laclede's property rights.

64. If Krupp is permitted to continue construction of this Project over the Laclede Easements and gas facilities, Laclede will suffer irreparable harm. Likewise, if this Court permits the Retaining Wall to remain in place, Laclede will suffer irreparable harm. The presence of the Retaining Wall may endanger the public health and safety by preventing access to the Gas Main in case of leaks or other service issues.

65. Laclede has no adequate remedy at law.

WHEREFORE, for all of the foregoing reasons, Laclede respectfully requests that this Court:

(a) enter judgment in its favor on this Count III;

(b) award Laclede its damages caused by the Krupp's negligence;

(c) order injunctive relief so as to remedy Krupp's existing damage to Laclede's easements and easement rights, and so as to prevent future damage to Laclede's easements and easement rights, and ordering that construction on the Pitman Hill Road Phase II project be stopped and/or limited such that no further interferences with Laclede's easements and easement rights occur;

(d) award Laclede punitive damages based upon Krupp's oppression, malice, gross negligence, willful or wanton misconduct, and/or a reckless disregard for Laclede's rights and disregard for public safety;

(e) award Laclede its attorneys' fees incurred herein;

(f) award Laclede its costs and other expenses incurred herein; and

(g) grant such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV—DECLARATORY JUDGEMENT REGARDING CONSTITUTIONALITY OF § 229.360 R.S. Mo. (against St. Charles County)

66. Laclede incorporates herein as though expressly set forth the allegations of paragraphs 1 through 65 of the Complaint.

67. Laclede possesses utility easements conveyed by subdivision plat in other areas of the County and has lawfully installed its gas lines, mains, and other facilities in such utility easements. Included among these utility easements are easements conveyed by the St. Charles Hills subdivision plats 5 and 6; easements conveyed by the Bluff Point and Georgian Oaks subdivision plats; and, easements conveyed by the Park Charles South Plat One and Fairfield Place subdivision plats (collectively "Threatened Easements"). Copies of the plats conveying the Threatened Easements are attached hereto as Exhibits 10, 11, and 12, respectively.

68. The Threatened Easements, and gas facilities installed thereunder, border on or are adjacent to Ehlmann, Caulks Hill and Thoele Roads, respectively, in St. Charles County.

69. The County plans road improvements for Ehlmann, Caulks Hill and Thoele Roads which are incompatible and interfere with the Threatened Easements and related gas facilities. In each case, the County notified Laclede of potential utility conflicts and requested

that Laclede submit a Relocation Plan, pursuant to the St. Charles County Road Utility Relocation Act ("SCCRURA"), for the relocation of its facilities from the Threatened Easements.

70. As requested, Laclede submitted a Relocation Plan to the County for relocation of the conflicting gas facilities from each of the Threatened Easements. Each proposed Relocation Plan included a draft Utility Agreement, which provided for County reimbursement of Laclede's projected relocation expenses. A copy of the Relocation Plan and accompanying draft Utility Agreement, dated March 23, 2010, for the Ehlmann Road project is attached hereto as Exhibit 13.

71. Historically, Laclede and the County have entered into such Utility Agreements to provide for County reimbursement of relocation expenses whenever Laclede's gas facilities were located in utility easements.

72. The County rejected the Ehlmann Road Relocation Plan because it was contingent on the County's agreement to reimburse Laclede for relocation costs. A copy of the Letter from Chris Bostic to Laclede, dated February 11, 2011, is attached hereto as Exhibit 14. The County has demanded that Laclede proceed with relocation of its gas facilities without reimbursement for the taking of its constitutionally protected rights in the Threatened Easement and threatened Laclede with fines under SCCRURA if it did not submit a Relocation Plan which eliminated the reimbursement contingency.

73. In making these demands and threats to Laclede to force it to surrender its constitutional rights, the County informed Laclede that: "It's good to be the King" citing Brooks, Mel, History of the World: Part I (20th Century Fox, 1981). See, Exhibit 14.

74. The County followed the same course of conduct with respect to the Relocation Plan and Utility Agreement submitted for the Caulks Hill and Thoele Road projects.

75. Laclede has repeatedly offered to proceed with relocations contingent on an agreement from the County to escrow the estimated relocation costs pending a final decision in the Easement Litigation, which costs would be paid only in the event Laclede was successful in the Easement Litigation.

76. The County has rejected every offer Laclede made that would have preserved its constitutional rights to reimbursement of relocation expenses and continues to threaten Laclede with deprivation of its rights secured by the Takings Clause of the Fifth Amendment to the United States Constitution in violation of 42 U. S. C. § 1983.

77. Notwithstanding the Missouri Supreme Court's recognition of Laclede's constitutionally protected easement rights in the Easement Litigation, the County continues to threaten Laclede with legal action for asserting its rights.

78. Most recently, the County notified Laclede that, if it failed to remove its gas facilities from the Threatened Easements in conflict with the Ehlmann and Thoele Road projects by October 21, 2011 and October 28, 2011, respectively, it would enforce its rights under § 229.360 R.S.Mo. against Laclede. The County further threatened to hire its own contractor to relocate such gas facilities at Laclede's expense. Copies of the County's notices to Laclede, for the Ehlmann and Thoele Road projects are attached hereto as Exhibits 15 and 16, respectively.

79. Section 229.360 provides in pertinent part: "It shall be the duty of any person, firm or corporation owning, leasing, or operating any such conduits, poles, pole lines, wires, mains, pipes, conductors, sewers, drains, tramways or other objects, after service of the notice required in section 229.350 to furnish such competent workmen and crews as may be necessary

to effect such removal, change or alteration, and to pay all actual expenses which are incurred by any person, firm, corporation or political subdivision in so doing. In making such necessary removal, change or alteration, no other person, firm, corporation or political subdivision shall interfere with or make any such change, removal or alteration until the owner, lessee or operators of such object shall have been notified as provided in section 229.350, and shall have failed or refused to do so within a reasonable time, and in the event of such failure or refusal such work shall be done only by competent and experienced workmen at the cost and expense, however, of the owner, lessee or operators of such object."

80. Laclede has notified the County that § 229.360 R.S.Mo. does not authorize the County to remove its gas facilities from the Threatened Easements and charge Laclede for the cost of doing so. Copies of Laclede's notification letters are attached hereto as Group Exhibit 17.

81. On the contrary, § 229.360 R.S.Mo. does not apply to utility easements in platted subdivisions under the circumstances of this case.

82. If the County applies § 229.360 R.S.Mo. as outlined in its notices to Laclede, then § 229.360 R.S.Mo. is unconstitutional as violative of the Takings Clause of the Fifth Amendment to the United Statement Constitution. Laclede is constitutionally entitled to just compensation for relocating its gas facilities from the Threatened Easements.

83. There is a ripe and justiceable controversy concerning the interpretation, application, and constitutionality of § 229.360 R.S.Mo.

84. If the County hires its own contractor to relocate gas facilities from the Threatened Easements, Laclede will suffer irreparable harm in that neither the County nor its contractors are competent to perform such work. Such work requires experienced workmen

accustomed to working with gas lines, mains and other facilities and coordination with Laclede to maintain service to its customers and prevent dangerous interference with live facilities.

85. Laclede has no adequate remedy at law.

WHEREFORE, Plaintiff Laclede Gas Company prays that this Court:

(a) Enter judgement in its favor on Count IV;

(b) Declare that § 229.360 R.S.Mo. does not authorize the County to relocate Laclede's gas facilities from the Threatened Easements and that it does not authorize the County to charge Laclede for the cost of doing so;

(c) Declare that to extent that the County applies § 229.360 R.S.Mo. to gas facilities in the Threatened Easements, it is unconstitutional as applied and violative of the Takings Clause of the Fifth Amendment to the U.S. Constitution;

(d) Enjoin Defendant St. Charles County from taking any action to remove and/or relocate Laclede's gas facilities from the Threatened Easements, or otherwise interfering with such Easements and related gas facilities;

(e) Award Laclede its attorneys' fees and costs as permitted by law; and

(f) For such other and further relief as this Court considers appropriate under the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Mary M. Bonacorsi
Mary M. Bonacorsi, #28332
Paul D. Lawrence, #111159
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000

FAX 314-552-7000
mbonacorsi@thompsoncoburn.com
plawrence@thompsoncoburn.com

Attorneys for Plaintiff
Laclede Gas Company

## VERIFICATION

Kent Thaemert, being first duly sworn on his oath, states that he is Senior District Engineer for Plaintiff Laclede Gas Company; that he is authorized to make this Verification; that he has reviewed the allegations in this Verified Complaint; and, that the allegations are true and accurate based on personal knowledge unless otherwise stated.

_Kent Thaemert_
Kent Thaemert

State of Missouri   )
                    ) SS
City of St. Louis   )

SUBSCRIBED and SWORN to before me this 11th of October, 2011.

_Judy Lyn Corrado_
Notary Public

My Commission Expires

JUDY LYN CORRADO
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis City
My Commission Expires: Apr. 27, 2014
Commission # 10516589