Case: 4:11-cv-01766-HEA   Doc. #: 61-2   Filed: 02/06/12   Page: 1 of 43 PageID #: 556



GEORGIAN OAKS
A TRACT OF LAND BEING PART OF
FRACTIONAL SECTION 28, AND U.S. SURVEY 127,
TOWNSHIP 46 NORTH, RANGE 4 EAST
ST. CHARLES COUNTY, MISSOURI



EXHIBIT
13





ST. CHARLES ENGINEERING AND SURVEYING
801 SOUTH FIFTH STREET
SUITE 202
ST. CHARLES, MISSOURI 63301

This is to certify that at the request of ~~[illegible]~~ *Maroon Building and Realty, Inc.*, we have, during the month of December 1993, prepared a survey and a subdivision of a tract of land in a Resubdivision of Part of Tract "A" of Park Charles South Plat One, Northwest 1/4 of Section 8, Township 46 North, Range 4 East, St. Charles County, Missouri. This survey has been executed in accordance with the current minimum standards for property surveys as issued by the office of the State Surveyor, Department of Natural Resources, and that the results of said survey and subdivision are correctly represented on this plat.

*James Joseph Dwyer* (signature)
JAMES JOSEPH DWYER
REGISTERED LAND SURVEYOR 2552

Maroon Building and Realty, Inc., being the owner of the land described in the above surveyor's certificate, has caused said tract of land to be surveyed and subdivided as shown on this plat, which subdivision shall hereafter be known as "Fairfield Place", and hereby designates the streets and roadways shown hatched on this plat as public streets, and roadways, and covenants and agrees that County acceptance of said streets and roadways shall not be petitioned until the streets and roadways are improved in such a manner as to comply with the required improvements section of Rules for Land Subdivision of St. Charles County and amendments thereto, adopted by the Planning and Zoning Commission of St. Charles County, Missouri on November 3, 1959. This covenant shall run with the land abutting upon said streets and roadways.

The undersigned further designates that this subdivision shall be subject to the conditions, reservations, restrictions and covenants of this subdivision, as set forth in an instrument dated ________, 199_, and recorded in Book ____, Page ____ in the St. Charles County Recorder's Office.

We further designate these streets as utility easements for the purpose of sanitary sewers, gas lines and water lines and as easements for the electric power lines and telephone lines. The easements shown on said plat are hereby granted to the respective utility companies, their successors and assigns, for the purpose of installing and maintaining sewer lines, water lines and/or all other utilities.

All easements shown outside of this plat are included in this plat and will terminate upon recording of future plats.

The Common Ground shown on said plat is hereby dedicated to the trustees of the aforementioned subdivision as more fully provided in the aforementioned Declaration of Covenants, Conditions, and Restrictions.

SEAL

IN WITNESS WHEREOF, the undersigned has hereunto set his hand this *18th* day of *MARCH*, 199*4*.

Maroon Building and Realty, Inc.

*Philip A. Maroon* (signature)
Philip A. Maroon

STATE OF MISSOURI )
)SS
COUNTY OF ST. CHARLES )

On this *18* day of *March*, 199*4* before me appeared *Philip A. Maroon*, to me personally known, and who, being by me duly sworn, did say that he is President of Maroon Building and Realty, Inc. a *Missouri* Corporation, and that the seal affixed to this instrument was signed and sealed on behalf of said corporation by authority of its Board of Directors and the said Philip A. Maroon acknowledges said instrument to be the free act and deed of said corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforesaid, the day and year first above written.

My Commission Expires: *MAY 11 1996*

*JoAnn Jones* (signature)
NOTARY PUBLIC
*JOANN JONES*
PLEASE PRINT NAME

SEAL

Jo Ann Jones, Notary Public
County of [illegible]

The undersigned holder or legal owner of notes secured by deed of trust recorded in Deed Book *N/A* Page *N/A* of the St. Charles County Records does hereby join in and approve this plat of FAIRFIELD PLACE.

DUQUESNE BANK

(signature)
RICHARD C. LEUCK, SENIOR VICE PRESIDENT

STATE OF MISSOURI )
)SS
COUNTY OF ST. CHARLES )

On this *11th* day of *January*, 1994, before me appeared Richard C. Leuck, who being by me duly sworn did say that he is the Senior Vice President of Duchesne Bank, a corporation duly organized and existing under the laws of the State of Missouri, and that the seal affixed to the foregoing instrument is the corporate seal for said corporation and that said instrument was signed and sealed on behalf of said corporation by authority of its Board of Directors, and that said Richard C. Leuck declared said instrument to be the free act and deed of said corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed by official seal at my office on the day and year last written.

My Commission Expires: *8-26-97*

NOTARY PUBLIC: *Deborah J. Dickherber* (signature)
*DEBORAH J. DICKHERBER*
PLEASE PRINT NAME

DEBORAH J. DICKHERBER
NOTARY PUBLIC, STATE OF MISSOURI
COUNTY OF ST CHARLES
MY COMMISSION EXPIRES 8-26-97

N/F
CLARENCE LLOYD CULP & ALMA V. CULP TRUST
BK. 1358, Pg. 1556
S 89°44'01" W
470.00'
S 89°38'13" W
11.38'
LOT 225
15
16
17
18
Center of Road

NOTES:
1. All front ...
2. Minimum ...
3. All front ...
4. All side ...
5. All rear ...
6. Minimum ...
7. Total area ...
8. "o" indic...
9. All pavement...
10. All homes...
11. ...
12. All propo...

March 1?, 1973

This is to certify that at the request of Community Savings Service Corporation, a Missouri Corporation I have surveyed and subdivided a tract of land being part of the Northwest Quarter of Fractional Section 8, Township 46 North, Range 4 East, and that the results of said survey and subdivision are correctly represented upon this plat.

Charles W. Ruff [signature]
Charles W. Ruff, Registered Land Surveyor

Community Savings Service Corporation, a Missouri Corporation, owner of the land described in the above Surveyor's Certificate has caused said tract of land to be surveyed and subdivided as shown on this plat, which subdivision shall hereafter be known as "PARK CHARLES SOUTH - PLAT ONE". Said subdivision shall be subject to the conditions, reservations and protective covenants as set forth in an instrument dated ______________, and executed by the duly authorized officers of said Corporation, and filed for record in Book ______ Page ______ in the office of the Recorder of Deeds of St. Charles County, Missouri.

IN TESTIMONY WHEREOF, I have hereunto set my hand and seal this 20th day of March, 1973.

COMMUNITY SAVINGS SERVICE CORPORATION,
a Missouri Corporation

[signature]
Vice-President

Attest: [signature]
Harold R. Smith, Secretary

We, the undersigned owners of the land described in the Surveyor's Certificate, hereby designate the streets and roadways as shown on the plat of "PARK CHARLES SOUTH - PLAT ONE" as public streets and roadways, and covenant and agree that County acceptance of said streets and roadways shall not be petitioned until the streets and roadways are improved in such manner as to comply with the required improvements section of Rules for Land Subdivision for St. Charles County, Missouri and amendment thereto, adopted by the Planning and Zoning Commission of St. Charles County, Missouri on November 2nd, 1969 and this covenant shall run with the land abutting upon said streets and roadways. We further designate these streets as utility easements for electric power lines, telephone lines, water lines and gas lines. The temporary turnaround shown, at the end of Niblic Drive is hereby dedicated as an easement for public use. Said easement shall cease to exist at such time as Niblic Drive is continued as a dedicated street by the recording of an instrument or plat.

IN TESTIMONY WHEREOF, I have hereunto set my hand and seal this 20th day of March, 1973.

COMMUNITY SAVINGS SERVICE CORPORATION,
A Missouri Corporation

[signature]
Vice-President

Attest: [signature]
Harold R. Smith, Secretary

STATE OF MISSOURI )
COUNTY OF ST. CHARLES )

On this 20th day of March, 1973 before me personally appeared Thomas C. Harpy, who being by me duly sworn, did say that he is the Vice-President of Community Savings Service Corporation, a Missouri Corporation, and that the seal affixed to the foregoing instruments is the seal of said corporation and that the instruments were signed and sealed in behalf of said corporation by authority of its board of directors and the said Thomas C. Harpy acknowledged said instruments to be the free act and deed of said corporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my notorial seal the day and year first above written.

Donald B. Fitch [signature]
Notary Public

My Commission Expires: 4-5-76

PARK CHARLES BLVD. SOUTH 80'W.
LAKEMONT DR. 50'W.
BAYWOOD CT. 50'W.
ASHBROOK DR. 80'W.
MATCH LINE FOR SHEET NO. 2
C.L. Frac. Sec. 8
40'
69'

PARK CHARLES SOUTH PLAT ONE

# St. Charles County Government

**Highway Department**
*Craig Tajkowski, County Engineer*

## RELOCATION PLAN SUBMITTAL

| Company Name: Laclede Gas Company | Prepared By: Kest Thaemert |
|---|---|

| Project Name: Ehlmann Road Reconstruction | Federal Project # : STP-7302(616) |
|---|---|

**120 Day Milestone: 4/4/2010**

### Relocation Schedule

**Estimated Start Date:**    Contingent on Utility Agreement

**RECEIVED**

**MAR 2 3 2010**

**ST. CHARLES COUNTY
HIGHWAY DEPARTMENT**

| Number of Construction Working Days = | 55 | |
|---|---|---|
| Number of Service Cut-Over Working Days = | 15 | Number of Service Cut-Overs = 12 |
| Total Number of Working Days = | 70 | |

**Estimated Completion Date:**    14 weeks from start date (Weather permitting)

### Brief Description of Work to be Performed

Relocate 4" SIP main with 4" PLIP main from station 17+00 to 21+25 and from station 28+35 to 31+00 due to grade changes (W.O. 64698/59400/64699). Install 6" PLIP main from station 35+25 to 44+50 and then along Zumbehl Road (W.O. 64705).

### Describe any Work that is Contingent upon the Work of other Utilities

**EXHIBIT
14**

APR-21-2010  13:58       ST CHARLES CO HIWAY              636 949 7307      P.03

## Describe any Work that is Contingent upon the Work of the Contractor

The new roadway on the north side has to be brought to final grade from 39+00 to 44+60 prior to our 6" PLIP main installation.  We will have to work with the contractor to get our main installed after the grade has been finalized and prior to the storm sewer installation since we will be below the storm sewer at 43+00 and 44+27.

The contractor will have to coordinate with Laclede Gas to remove the abandoned main that is being graded out.  It will be the contractors responsibility to grade within 1 foot of the abandoned main at which time Laclede will have its contractor expose the main and remove it.

Mike Katinas, Asst. Supt. of Construction, will be the contact for Laclede and can be reached at 314-522-2202.  His mailing address is 6400 Graham Road, Berkeley, MO  63134.

## Acquisition of New Right-of-Way

Description and Location of Proposed Easements: _____

_____

_____

Estimated Number of Parcels Involved:

Estimated Number of Days to Acquire New Easements:

List of Possible Issues related to New Easement Acquisition: _____

_____

_____

## List of Contingencies

Please refer to Section 147.108, Paragraph 4 of the St. Charles County Road Utility Relocation Act for all allowable contingencies for the project.  We have weather restrictions on this main.  It can be left out of service from April 15 until October 15 with a 50 degree temperature restriction.

This relocation work is contingent on Laclede receiving a signed Utility Agreement from the County.  (The work order cannot be authorized without the signed agreement.)

Cost Estimate Included with Submittal:        ☐ YES            ☐ NO

Signature: _Kent Thoennet_____        Date: _3/22/10_____

TOTAL P.03

St. Charles County, Missouri
Ehlmann Road
STP-7302 (616)
Laclede Gas W.O. 64698/59400/64699

## UTILITY AGREEMENT

This Agreement, entered into by and between LACLEDE GAS COMPANY, a corporation existing under the laws of the State of Missouri, with its address at 720 Olive Street, St. Louis, Missouri 63101, hereinafter called "Company" and the County of St. Charles, Missouri, a political subdivision of the State of Missouri, with its address at 201 N. Second Street, Suite 429, St. Charles, Missouri 63301, hereinafter called "County," WITNESSETH THAT:

WHEREAS, County proposes to construct Ehlmann Road in accordance with road improvement plans on file in the Engineering Office for the County of St. Charles, Missouri; and

WHEREAS, County's road project will impact Company's facilities which were originally installed entirely on private easement of the Company as shown hatched on Exhibit "A" and

WHEREAS, in order to improve said roadway in accordance with said plans, it will be necessary to adjust certain facilities of the Company, such changes being generally shown in legend on plat marked as Exhibit "B" and Estimate of Cost, marked Exhibit "C," attached hereto and each made a part hereof.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, it is agreed as follows:

(1) Company grants to County, its successors and assigns, the right to construct, reconstruct, and maintain a roadway over and across portions of Company's easements, the areas shown on Exhibit "A" hereto. County's obligation to reimburse Company for the cost of adjusting Company's facilities shall be as hereinafter provided in this Utility Agreement with respect to adjustments provided for by this Agreement.

1

St. Charles County, Missouri
Ehlmann Road
STP-7302 (616)
Laclede Gas W.O. 64698/59400/64699

(2) Following the execution of this Agreement, Company will proceed, without unnecessary delay,

to perform the adjustments to Company's facilities as described on Exhibit "B", or on such more detailed

plans as may be approved hereafter by the parties hereto (hereinafter called the "Work").

(3) As shown on Exhibit "C", the total cost of the Work to be performed by Company to facilitate

County's road improvement is estimated to be $165,569. County's obligation toward the actual total

cost of the Work to be performed by Company under this Agreement shall be as follows:

> 100% of the actual total cost (whether such actual total cost be more
> than or less than, the estimate set forth above in this Paragraph 3)
> of the Ehlmann project.

(4) Payments will be made by County to Company as follows:

> Prior to construction, County will promptly pay to Company 100% of
> the estimated cost of the Work. Upon completion of said Work,
> Company will provide a detailed statement of cost, together with
> supporting accounting records to County. If actual total costs are more
> than the estimated cost of $165,569, City will promptly pay to Company
> 100% of the difference between actual total and estimated costs. If actual
> total costs are less than the estimated cost of $165,569, Company will
> promptly reimburse County 100% of the difference between actual total and
> estimated costs.

(5) If any change is made by County in the original plan and extent of the work, County agrees

that full reimbursement therefore shall be covered by a supplemental agreement or change order

having approval of the County and Company PRIOR to the performance of the Work.

(6) County agrees to furnish Company with all information regarding the road improvement

necessary in order for Company to properly complete the relocation of Company's facilities. County

further agrees to cause all individuals working on the Ehlmann Road Improvement project to cooperate

with Company as necessary for Company to perform the Work.

2

St. Charles County, Missouri
Ehlmann Road
STP-7302 (616)
Laclede Gas W.O. 64698/59400/64699

(7) Upon completion of the Work, Company shall remove all leftover materials and debris resulting from the Work, and leave the right of way in a neat, workmanlike condition, free of holes, mounds of dirt or other objectionable material.

(8) In the event of future improvements, reconstruction, or maintenance of the highway or drainage structures involved which from time to time necessitate the additional/further relocation of Company's facilities identified on Exhibit "A", County will advise Company of contemplated changes and will reimburse Company for costs and expenses incurred by it in relocating or otherwise adjusting its facilities located on private easement , including those facilities which were originally located on private easement but were previously moved to public right-of-way to accommodate prior County projects.

(9) In the event Company must excavate to replace, expand, relocate or maintain its facilities indentified on Exhibit "A", Company will request a permit from County which will be granted without cost to Company.  Company will comply with all lawful conditions of such permit, but the cost of restoration of County's road and drainage facilities damaged by Company, will be paid by County.

3

St. Charles County, Missouri
Ehlmann Road
STP-7302 (616)
Laclede Gas W.O. 64698/59400/64699

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed by their

duly authorized officials.

Executed by Company this _____ day of _____, _____.

Executed by County this _____ day of _____, _____.

LACLEDE GAS COMPANY

[SEAL]

_____
Craig R. Hoeferlin
Asst. Vice President
Engineering & Field Services

ATTEST:

_____
Mary C. Kullman
Secretary

COUNTY OF ST. CHARLES, MISSOURI

By: _____
(Title)

4

St. Charles County, Missouri
Ehlmann Road
STP-7302 (616)
Laclede Gas W.O. 64698/59400/64699

## ACKNOWLEDGMENT BY COUNTY

STATE OF MISSOURI          )
                           )
COUNTY OF ST. CHARLES )

On the _____ day of _____, _____, before me,

_____, a notary public in and for said state, appeared

_____, to me personally known, did say that he/she is

_____ of the COUNTY OF ST. CHARLES, MISSOURI and that the

seal affixed to the foregoing instrument is the official seal of said COUNTY and that said instrument was

signed and sealed in behalf of said COUNTY by authority of its _____

and said _____ acknowledged said instrument to be the free act

and deed of said COUNTY.

   In Testimony Whereof, I have hereunto set my hand and affixed my official seal at my office in

_____, the day and year first above written.


_____
                                    Notary Public


My Commission expires: _____.

5

St. Charles County, Missouri
Ehlmann Road
STP-7302 (616)
Laclede Gas W.O. 64698/59400/64699

## ACKNOWLEDGMENT BY CORPORATION

STATE OF MISSOURI     )
                           ) ss.

CITY OF ST. LOUIS)

On this _____ day of _____, _____, before me,

_____, a notary public in and for said state, appeared

Craig R. Hoeferlin, to me personally known, who being by me duly sworn, did say that he is Assistant

Vice President/Engineering & Field Services of LACLEDE GAS COMPANY, and that the seal affixed to

the foregoing instrument is the corporate seal of said corporation and that said instrument was signed

and sealed in behalf of said corporation by authority of its Board of Directors and the said Craig R.

Hoeferlin acknowledged said instrument to be the free act and deed of said corporation.

In Testimony Whereof, I have hereunto set my hand and affixed my official seal at my office in

_____, the day and year first above written.


_____
Notary Public


My Commission expires: _____.

6



## ESTIMATE WORKSHEET

EXHIBIT "C" - Main Installation
Ehlmann Road Relocation - Shady Oak to Zumbehl

All **TOTALS\*** Have Been Rounded to the Nearest Whole Dollar

| | | | **TOTALS\*** |
|---|---|---|---|
| Material | | $ | 5,897 |
| Labor to Install New Material | | | |
| Contract Labor ===> | 556 Manhours | $ | 17,337 |
| Management Labor | | $ | 3,249 |
| Contract Work by Others | | $ | 0 |
| Mechanical Equipment Cost | | $ | 10,639 |
| Department Clearings | | $ | 24,621 |
| Allowed Time, Supervision, | | | |
| Non-Productive Labor & Tool Expense | | | |
| Material Clearings | | $ | 1,297 |
| Payroll Taxes | | $ | 3,065 |
| Overhead & Interest | | $ | 26,442 |
| | **Installation Total Cost** | $ | 92,547 |

**ESTIMATE WORKSHEET**

EXHIBIT "C" - Main Retirement
Ehlmann Road Relocation - Shady Oak to Zumbehl

All **TOTALS\*** Have Been Rounded to the Nearest Whole Dollar

|  | | **TOTALS\*** |
|---|---|---|
| Material | $ | 14 |
| | | |
| Labor to Install New Material | | |
|     Contract Labor ===>   70 Manhours | $ | 1,951 |
|     Management Labor | $ | 62 |
| Contract Work by Others | $ | 47,500 |
| Mechanical Equipment Cost | $ | 207 |
| Department Clearings | $ | 2,449 |
|     Allowed Time, Supervision, | | |
|       Non-Productive Labor & Tool Expense | | |
| Material Clearings | $ | 3 |
| Payroll Taxes | $ | 335 |
| Overhead & Interest | $ | 2,501 |
| | | |
| **Retirement Total Cost** | $ | 55,022 |
| **Installation Total Cost** | $ | 92,547 |
| **TOTAL MAIN COST** | $ | **147,569** |
| **100 % Reimbursable** | $ | 147,569 |
| **Service Transfers (12)** | $ | 18,000 |
| **TOTAL REIMBURSABLE COST** | $ | 165,569 |

**ESTIMATE WORKSHEET**

| | |
|---|---|
| 4536 | 5896.8 |
| | 0 |
| | 0 |
| | 0 |
| 13336 | 17336.8 |
| 2499 | 3248.7 |
| | 0 |
| | 0 |
| | 0 |
| 8184 | 10639.2 |
| | 0 |
| 18939 | 24620.7 |
| | 0 |
| | 0 |
| | 0 |
| 998 | 1297.4 |
| | 0 |
| 2358 | 3065.4 |
| | 0 |
| 20340 | 26442 |
| | |
| 71190 | 92547 |

**ESTIMATE WORKSHEET**

| | |
|---:|---:|
| 10.94 | 14.222 |
| | 0 |
| | 0 |
| | 0 |
| 1500.81 | 1951.053 |
| 48 | 62.4 |
| | 0 |
| | 0 |
| | 0 |
| 159.38 | 207.194 |
| | 0 |
| 1883.59 | 2448.667 |
| | 0 |
| | 0 |
| | 0 |
| 2.41 | 3.133 |
| | 0 |
| 257.43 | 334.659 |
| | 0 |
| 1923.57 | 2500.641 |
| | |
| 5786.13 | 7521.969 |

## ESTIMATING FACTORS

Note: Entries in yellow boxes only!

| | | |
|---|---|---|
| | $193.64 | **Street 6 Mandays** |
| | $169.34 | **Drafting Mandays** |
| | $200.85 | **Construction Management** |
| | $200.85 | **Engineering Management** |
| 8.0% = | 0.080 | **Other Direct Costs (Social Security)** |
| 15.5% = | 0.155 | **Stores Handling** |
| 104.8% = | 1.048 | **Distribution Department Clearings** |
| 40.0% = | 0.400 | **Engineering Department Allowed Time** |
| 6.5% = | 0.065 | **Engineering Department Clearing Factor** |
| 36.35% = | 0.3635 | **General Overheads - Installation** |
| 40.0% = | 0.400 | **General Overheads - Retirement** |
| 0.167% = | 0.00167 | **Interest During Construction** |



Case: 4:11-cv-01766-HEA   Doc. #: 61-2   Filed: 02/06/12   Page: 22 of 43 PageID #: 577













MAIN CAN BE LEFT OUT OF SERVICE APRIL 15 THROUGH OCTOBER 15 OR A MINIMUM OF 50° F
INSTALL 4" STOPPER FITTING
INSTALL ANODE TEST STATION
INSTALL 4" STOPPER FITTING
INSTALL 4" TRANSITIONAL FITTING
Ehlmann Rd
22+00
0+00
0-03
EX PE
4" S IP
FLOW
NEW PE
4+36 / 0+12
INSTALL 4" BF-TEE
0+15
INSTALL 4" POLY VALVE
EX R/W
0+17
INSTALL 4" TRANSITIONAL FITTING
0+20
INSTALL 4" STOPPER FITTING
INSTALL ANODE TEST STATION
Install W.O. 64698
Abandon W.O. 59400
Transfer W.O. 64699
PAGE 3 OF 6
Sylvan Ln
St. Babette Ln
INSTALL 4" END CAP
21+00
S7
P7
S4
P4
S3
P3
S2
P2
FLOW
2" PL IP
INSTALL 37' OF 2" PL IP
ABANDON 3' OF 2" PL IP
(INSTALLED 3/92)
ABANDON 410' OF 4" S IP
(INSTALLED 1/70)
EX R/W
NEW PE
0+37
INSTALL 2" BF COUPLING
20+00
EX PE
0+01
INSTALL 4"X2" PL REDUCER
3+85 / 0+00
INSTALL 4" BF TEE
INSTALL 436' OF 4" PL IP
INSTALL 17' OF 4" PL IP
ABANDON 17' OF 4" S IP
(INSTALLED 1/70)
0
20
40
80 Feet
1 inch = 20 feet
Work Request Name:
EhlmannRd_974_64698_59400_10_N

MAIN CAN BE LEFT OUT OF SERVICE APRIL 15 THROUGH OCTOBER 15 OR A MINIMUM OF 50° F.
EX'R/W'
FLOW
2" PL IP
Bluffwood Dr
EX.PE
CI 3-28
CI 3-27
S6
P6
4" S IP
FLOW
31+00
30+00
29+00
2+82
INSTALL 4" STOPPER FITTING
2+78
INSTALL 4"X90° PL BEND
2+71
INSTALL 4"X90° PL BEND
2+79
INSTALL 4" TRANSITIONAL FITTING
(STA. 30+90)
NEW PE
INSTALL 279' OF 4" PL IP
ABANDON 265' OF 4" S IP
(INSTALLED 6/68)
Ehlmann Rd
0-03
INSTALL 4" STOPPER FITTING
0+01
INSTALL 4"X90° PL BEND
0+08
INSTALL 4"X90° PL BEND
0+00
INSTALL 4" TRANSITIONAL FITTING
(STA. 28+25)
EX.PE
EX R/W
S5
P5
4" S.IP
FLOW
0 20 40 80 Feet
1 inch = 20 feet
Install W.O. 64698
Abandon W.O. 59400
Transfer W.O. 64699
PAGE 4 OF 6
Work Request Name:
EhlmannRd_974_64698_59400_10_N

PAGE 6 OF 6

CROSS SECTIONS

Work Request Name:
EhlmannRd_974_64698_59400_10_N

Install W.O. 64698
Abandon W.O. 59400
Transfer W.O. 64699

# LACLEDE GAS COMPANY -- ST. LOUIS, MO.

**Job Description:** Road reconstruction on Ehlmann from Shady Oak to Zumbehl
**Work Request Name:** EhlmannRd_974_64698_59400_10_N
**Map Grid:** S195-66.65
**Municipality:** St. Charles

**Budget Project #:** 34-01
**C&M Pipe Code(s):** 47, 52, 53

**Work Request ID:** 3776
**Work Order Numbers:** Install W.O. 64698
Abandon W.O. 59400
Transfer W.O. 64699

**Service Hub ID:** 974

90°32'42"W 38°48'24"N NAD83

## PRESSURE TEST OF GAS MAINS
### (One Test Per Sheet)

Pipe Size: _____   Length (ft): _____
Pipe Size: _____   Length (ft): _____
Pipe Size: _____   Length (ft): _____

Pressure System:   TF \ SF \ CF \ IP \ MP \ LP

Test Medium: Water \ Air \ Gas   Other: _____

Gauge Type:   Recording   Indicating   Dead Weight

Gauge I.D. : _____
Calib. Date : _____

Test Date: _____

Start Time: _____   End Time: _____
Start Press. : _____   End Press. : _____
Start Temp.*: _____   End Temp.*: _____
* Water or Pipe temperature, not ambient

Note all leaks or failures, including cause, and corrective action taken in comments below.

If Discharge volume is over 1,000 gallons – Contact Lab for sample collection.

Crew Foreman: _____   Date: _____
Field Clerk: _____   Date: _____
District Supv.: _____   Date: _____
District Eng.: _____   Date: _____

Page : _____   Of : _____



Comments: _____



# St. Charles County Government

**Highway Department**
*Craig Tajkowski, County Engineer*

February 11, 2010

FEB 16, 20H

Mr. David Abernathy
Laclede Gas Company
3950 Forest Park Blvd
St. Louis, MO 63108

Re: Ehlmann Road - STP-7302(616)
    Relocation Plan Rejection

Dear Mr. Abernathy:

We have received your written response of January 20, 2011 to St. Charles County's rejection of the Laclede Gas Company Relocation Plan for the above referenced project. We have reviewed the information provided; however, we simply do not agree that any of our objections are "waived by...untimeliness." We are confident that the objections remain both proper and certainly relevant.

Over the past several years, St. Charles County has implemented and fairly rigidly followed the timelines established by the St. Charles County Road Utility Relocation Act (SCCRURA). It is our intent to continue to follow those timelines as closely as possible; however, the fact that Laclede Gas Company continues to assert its rights is creating delays in following the timelines. In general, Laclede Gas is benefiting by any additional time that the County takes to review the plan and the legal positions, since the additional review time will not be held against your company. The ordinance also still provides a full 30-day period for Laclede Gas to reply to the rejection, regardless of the fact that the County's reply was later than the specified time frame.

I requested an opinion from Greg Dohrman on what consequences result from the County's responding after the 30-day timeline. His answer is as follows:

> The fact that the County responded after the 30-day time frame in the ordinance does not have any effect, since the ordinance contains no penalty for failing to comply with that particular provision. "If an ordinance lacks a penal provision, it is beyond the court's power to prescribe one, as the fixing of a penalty is a legislative, not a judicial, function," 5 McQuillin Mun. Corp. § 17:2 (3rd ed., Westlaw database updated October 2010). This principle negates Laclede's claim that the County has waived any objections to the plan. Furthermore, in general, counties enjoy sovereign immunity from claims that they have violated their own ordinances. "It's good to be the King." Brooks, Mel, *History of the World: Part I* (20th Century Fox, 1981).

201 North Second Street • Suite 429 • St. Charles, MO 63301
636-949-7305 • Fax 636-949-7307
highway@sccmo.org



**EXHIBIT**

**15**

Mr. David Abernathy
Relocation Plan – Rejection Notice
February 11, 2011
Page 2

The County reiterates our position that the Laclede Gas Relocation Plan is not compatible with the anticipated letting date and the anticipated notice to proceed for the project. The Relocation Plan does not assure timely completion of the project, as detailed in our earlier correspondence. In accordance with the SCCRURA, Laclede Gas Company had thirty (30) calendar days to submit a revised Relocation Plan that addressed the previously noted concerns. The thirty day period expired on January 20, 2011. Due to the need to review the legal arguments, however, the County will agree to an extension and consider a revised plan if it is submitted by February 23, 2011. If a revised Relocation Plan is not submitted by that date, the County will have the right to establish a Relocation Plan for Laclede Gas Company. Once established, a subsequent failure to comply with that established Relocation Plan (including schedule) could cause Laclede Gas Company to incur fines of $1,000 per day.

Laclede Gas has expressed its willingness to enter into an escrow agreement with the County to provide a measure of financial security in the unlikely event of a final court ruling in their favor. While the County has continued to prevail in the litigation, we remain willing to utilize a mutually agreeable escrow agreement. However, there appear to be several issue that remain to be worked out, and it is evident the Laclede Gas Company's failure to relocate will delay our road project. If Laclede Gas is serious in their statements that their crews stand ready to begin the relocation work, I would reiterate my earlier suggestion. Laclede Gas can begin work immediately on those areas where the subject of reimbursement is not an issue. There are locations on this project where your lines need to be adjusted that are located in the original road right-of-way and do not fall in the disputed area. It would make sense to proceed with work in those areas, but to date I have not heard any response to this suggestion.

If you have any questions, please do not hesitate to contact me at (636) 949-7900, ext. 7165, or by email at cbostic@sccmo.org.

Sincerely,

Chris Bostic, P.E., PTOE
Engineering Design Manager

CKB/bmr

cc:     Craig Tajkowski, County Engineer
        Kristen Rhodes, Highway Projects Engineer
        Greg Dohrman, Associate County Counselor

O:\ROADBD\EHLMANN RD\Utilities\Laclede_POA_Rejection – 2.11.11.doc

 **St. Charles County Government**

**Highway Department**
*Craig Tajkowski, County Engineer*

September 27, 2011

Ms. Mary Caola Kullman,
Registered Agent
Laclede Gas Company
720 Olive Street
St. Louis, Missouri 63101

**Re:   Laclede Gas Facilities on Ehlmann Road in St. Charles County, Missouri
Notice of Necessity of Removal or Alteration of Facilities**

Dear Ms. Kullman:

As your company is aware, St. Charles County is in the process of improving Ehlmann Road. The project will include changes of grades in some areas where your company has facilities located within the road right-of-way.

Pursuant to § 229.350 RSMo. and Article I, § 1.501 of the Charter of St. Charles County, Missouri, I am hereby giving your company notice that it will be necessary for the location of your company's facilities to be altered, or in the alternative removed, in the following areas:

- the south side of Ehlmann Road from Station 17+00 to 21+25; and
- the south side of Ehlmann Road from Station 28+35 to 31+00.

The stations referred to are as shown on the construction plans for the Ehlmann Road Improvement Project, copies of which have previously been supplied to your company and which can also be viewed in the St. Charles County Highway Department during normal business hours. The same stations are also shown in the relocation plans prepared by your company dated January 26, 2010, drafted by GIS Specialist "JET," and submitted to the Highway Department on March 23, 2010 as part of your company's relocation plan prepared specifically for the Ehlmann Road project.

**This alteration or removal needs to be completed no later than October 21, 2011 at 4:00 p.m.** Completion by this time is necessary to avoid unnecessary delays in the road improvements. Pursuant to § 229.360 RSMo., your company has the duty to furnish such competent workmen and crews as may be necessary to effect such removal or alteration, and to pay all actual expenses which are incurred in so doing.

201 North Second Street • Suite 429 • St. Charles, MO 63301
636-949-7305 • Fax 636-949-7307
highway@sccmo.org

**EXHIBIT
16**

Ms. Mary Caola Kullman
Laclede Gas Company
September 27, 2011
Page 2

Should your company fail or refuse to perform such alteration or removal by the stated deadline, St. Charles County will be entitled to hire a competent and experienced contractor to perform the work, with your company ultimately being liable for all costs incurred.  Since your company submitted plans for the relocation of these facilities well over a year ago, it should be fully prepared to execute those plans without delay.  If you are willing to make a concerted effort to perform the work but need additional time to do so, please contact me to discuss the matter and I can consider whether an extension to the schedule would be appropriate.

I trust that your company will abide by its legal duties and avoid any need for the County to arrange for the performance of this work.  If that does become necessary, however, the County will have the work performed in a manner as reasonably close to that shown on your company's relocation plans as is practical under the circumstances, track the costs incurred, and invoice your company for reimbursement.

Sincerely,

Craig Tajkowski,
County Engineer

cc:     George Dowdy, Construction Manager, Laclede Gas Company

 **St. Charles County Government**

**Highway Department**
*Craig Tajkowski, County Engineer*

October 6, 2011

OCT 0 7 2011

Ms. Mary Caola Kullman,
Registered Agent
Laclede Gas Company
720 Olive Street
St. Louis, Missouri 63101

Re:   **Laclede Gas Facilities on Thoele Road in St. Charles County, Missouri**
      **Notice of Necessity of Removal or Alteration of Facilities**

Dear Ms. Kullman:

As your company is aware, St. Charles County is in the process of improving Thoele Road.  The project will include changes of grades in some areas where your company has facilities located within the road right-of-way.

Pursuant to § 229.350 RSMo. and Article I, § 1.501 of the Charter of St. Charles County, Missouri, I am hereby giving your company notice that it will be necessary for the location of your company's facilities to be altered, or in the alternative removed, in the following area:

- the east side of Thoele Road from Station 5+75 RT to the west side of Thoele Road (north of Fairfield Court) at Station 6+15 LT.

The stations referred to are as shown on the construction plans for the Thoele Road Improvement Project, copies of which have previously been supplied to your company and which can also be viewed in the St. Charles County Highway Department during normal business hours.  The same stations are also shown in the relocation plans prepared by your company dated April 21, 2010, drafted by GIS Specialist "SFS," and submitted to the Highway Department on September 10, 2010 as part of your company's relocation plan prepared specifically for the Thoele Road project.

**This alteration or removal needs to be completed no later than October 28, 2011 at 4:00 p.m.**  Completion by this time is necessary to avoid unnecessary delays in the road improvements.  Pursuant to § 229.360 RSMo., your company has the duty to furnish such competent workmen and crews as may be necessary to effect such removal or alteration, and to pay all actual expenses which are incurred in so doing.

201 North Second Street • Suite 429 • St. Charles, MO 63301
636-949-7305 • Fax 636-949-7307
highway@sccmo.org


**EXHIBIT**
17

Ms. Mary Caola Kullman
Laclede Gas Company
October 6, 2011
Page 2

Should your company fail or refuse to perform such alteration or removal by the stated deadline, St. Charles County will be entitled to hire a competent and experienced contractor to perform the work, with your company ultimately being liable for all costs incurred.  Since your company submitted plans for the relocation of these facilities over a year ago, it should be fully prepared to execute those plans without delay.  If you are willing to make a concerted effort to perform the work but need additional time to do so, please contact me to discuss the matter and I can consider whether an extension to the schedule would be appropriate.

I trust that your company will abide by its legal duties and avoid any need for the County to arrange for the performance of this work.  If that does become necessary, however, the County will have the work performed in a manner as reasonably close to that shown on your company's relocation plans as is practical under the circumstances, track the costs incurred, and invoice your company for reimbursement.

Sincerely,

Craig Tajkowski,
County Engineer

cc:    George Dowdy, Construction Manager, Laclede Gas Company

O:\ROADBD\Thoele\Utilities\Sec229-350Notice2Laclede-100511.docx



**David P. Abernathy**
Vice President &
Associate General Counsel,
Industrial Relations and
Claims Management

October 11, 2011

Laclede Gas Company
720 Olive Street, Suite 824
St. Louis, Missouri 63101
Telephone: (314) 342-0536
Facsimile: (314) 641-2161
dabernathy@lacledegas.com

*OriginalGreenEnergy.com*

Mr. Craig Tajkowski
County Engineer
St. Charles County Government
Highway Department
201 N. Second St., Suite 429
St. Charles, MO 63301

      Re:    Laclede Gas Facilities on Ehlmann Road

Dear Mr. Tajkowski:

      Laclede Gas Company ("Laclede") has received your letter of September 27, 2011, addressed to Mary Kullman of our offices demanding that it remove certain gas facilities ("Gas Facilities") from the area of Ehlmann Road by October 21, 2011, to accommodate a St. Charles County ("County") highway project. As you must be aware, there is no approved or established relocation plan for these facilities. Laclede submitted such a plan on March 23, 2010, as you correctly point out. However, the County rejected Laclede's relocation plan by letter, dated February 11, 2011, because it was contingent on a Utility Agreement which provided for County reimbursement of Laclede's relocation costs.

      Absent an approved relocation plan, the County may not require the utility to begin relocation. Section 147.105.E(1) of the St. Charles County Code provides that: "The County shall notify the owner in writing **not less than thirty (30) days before the owner is required to begin relocation provided for in the approved relocation plan.**" Equally importantly, the September 27, 2011 letter, which demanded relocation by October 21, 2011, did not provide the required thirty (30) days notice. Additionally, the relocation provisions of Code do not apply to utility facilities located in constitutionally protected utility easements.

      These Gas Facilities are located in utility easements depicted on plats 5 and 6 of the St. Charles Hills subdivision plats. On August 30, 2011, the Missouri Supreme Court held that language dedicating utility easements in subdivision plats created constitutionally-protected easement rights and that Laclede could not be compelled to relocate gas facilities from those utility easements without compensation. That decision applies to the utility easement rights created by plats 5 and 6 of the St. Charles Hills



A subsidiary of The Laclede Group

Mr. Craig Tajkowski
October 11, 2011
Page 2 of 3

subdivision plats. In other words, Laclede is entitled to compensation for relocating its
Gas Facilities.

For this reason, both Section 229.360 R. S. Mo. and Article I, Section 1.501 of the
County Charter are unconstitutional if applied to force removal of the Gas Facilities at
Laclede's expense. No statute or Charter provision can be constitutional if it is
interpreted to deprive citizens of the rights guaranteed by the Missouri and United States
Constitutions.

As written, Section 229.360 R. S. Mo. does not apply to utility easements. As
written, Section 229.360 R. S. Mo applies to facilities located "under the right of way of
any public way." The Gas Facilities are not located under the auspice of a right-of-way
license, but rather via easements conveyed to Laclede through the St. Charles Hills
subdivision plats. The legislative definition of public right-of-way includes areas on or
below a public roadway but does not include "easements obtained by utilities . . . in
platted subdivision tracts." Section 67.1830(9) R. S. Mo. Section 229.360 R. S. Mo.
does not authorize the County to deprive Laclede of its constitutional rights.

You mention in your letter that the County will arrange for the relocation of the
Gas Facilities if Laclede does not do so. Laclede does not consent to such actions. The
County has no expertise in the relocation of gas facilities and any tampering with active
gas lines threatens public safety. County witnesses in *Laclede v. St. Charles County,
Cause No. 0811-CV11939*, testified under oath that only Laclede is qualified to move its
gas facilities and that the County does not have the expertise or ability to do this work in
any event.

Your letter demanding relocation of the Gas Facilities by October 21, 2011, is
inconsistent with the statements made by the County Construction Manager related to
these relocations. On September 26, 2011, the County Construction Manager advised
those present at the Utility Coordination meeting (including Kent Thaemert of Laclede)
that the County will probably shut down the job for the winter once Ameren completes its
work. Laclede's Relocation Plan, submitted more than eighteen months ago, advised the
County that these Gas Facilities have a weather restriction and cannot be taken out of
service between October 15 and April 15. Kent Thaemert reminded County
representatives of this situation during the Utility Coordination meeting.

Laclede has no desire to delay or impede the progress of County road projects. It
has offered many times to relocate its facilities, providing there are adequate and binding
agreements that preserve its constitutional rights to reimbursement for relocation of gas
facilities from utility easements. Each time, the County has rejected such offers and
increased its demands that Laclede surrender its constitutional rights. Each time, the
County has reacted with filing and threats of filing more lawsuits against Laclede for
asserting its constitutional rights.

Mr. Craig Tajkowski
October 11, 2011
Page 3 of 3

For this reason, Laclede has filed a Verified Complaint in the United States District Court for the Eastern District of Missouri seeking declaratory and injunctive relief against the County under 42 U. S. C. Section 1983 for its actions and threatened actions to deprive Laclede of its rights secured by the Takings Clause of the Fifth Amendment to the United States Constitution. A copy of the Verified Complaint is enclosed.

As always, Laclede remains willing to work with the County to relocate its Gas Facilities in timely fashion provided its constitutional rights are preserved.

Sincerely,

David P. Abernathy

cc:   Mary M. Bonacorsi, Esq.
      Mark C. Darrell


The Original Green Energy™

**David P. Abernathy**
Vice President &
Associate General Counsel,
Industrial Relations and
Claims Management

Laclede Gas Company
720 Olive Street, Suite 824
St. Louis, Missouri 63101
Telephone: (314) 342-0536
Facsimile: (314) 641-2161
dabernathy@lacledegas.com

*OriginalGreenEnergy.com*

October 11, 2011

Mr. Craig Tajkowski
County Engineer
St. Charles County Government
Highway Department
201 N. Second St., Suite 429
St. Charles, MO 63301

Re:    Laclede Gas Facilities on Thoele Road

Dear Mr. Tajkowski:

Laclede Gas Company ("Laclede") has received your letter of October 6, 2011, addressed to Mary Kullman of our offices demanding that it remove certain gas facilities ("Gas Facilities") from the area of Thoele Road by October 28, 2011, to accommodate a St. Charles County ("County") highway project. As you must be aware, there is no approved or established relocation plan for these facilities. Laclede submitted such a plan on September 10, 2010, as you correctly point out. However, the County rejected Laclede's relocation plan by letter, dated December 21, 2010, because it was contingent on a Utility Agreement which provided for County reimbursement of Laclede's relocation costs.

Absent an approved relocation plan, the County may not require the utility to begin relocation. Section 147.105.E(1) of the St. Charles County Code provides that: "The County shall notify the owner in writing **not less than thirty (30) days before the owner is required to begin relocation provided for in the approved relocation plan.**" Equally importantly, the October 6, 2011 letter, which demanded relocation by October 28, 2011, did not provide the required thirty (30) days notice. Additionally, the relocation provisions of Code do not apply to utility facilities located in constitutionally protected utility easements.

These Gas Facilities are located in utility easements depicted on the plats for the Fairfield Place and Park Charles South subdivisions ("Subdivision Plats"). On August 30, 2011, the Missouri Supreme Court held that language dedicating utility easements in subdivision plats created constitutionally-protected easement rights and that Laclede could not be compelled to relocate gas facilities from those utility easements without

Mr. Craig Tajkowski
October 11, 2011
Page 2 of 3

compensation. That decision applies to the utility easement rights created by these
Subdivision Plats. In other words, Laclede is entitled to compensation for relocating its
Gas Facilities.

For this reason, both Section 229.360 R. S. Mo. and Article I, Section 1.501 of the
County Charter are unconstitutional if applied to force removal of the Gas Facilities at
Laclede's expense. No statute or Charter provision can be constitutional if it is
interpreted to deprive citizens of the rights guaranteed by the Missouri and United States
Constitutions.

As written, Section 229.360 R. S. Mo. does not apply to utility easements. As
written, Section 229.360 R. S. Mo applies to facilities located "under the right of way of
any public way." The Gas Facilities are not located under the auspice of a right-of-way
license, but rather via easements conveyed to Laclede through these subdivision plats.
The legislative definition of public right-of-way includes areas on or below a public
roadway but does not include "easements obtained by utilities . . . in platted subdivision
tracts." Section 67.1830(9) R. S. Mo. Section 229.360 R. S. Mo. does not authorize the
County to deprive Laclede of its constitutional rights.

You mention in your letter that the County will arrange for the relocation of the
Gas Facilities if Laclede does not do so. Laclede does not consent to such actions. The
County has no expertise in the relocation of gas facilities and any tampering with active
gas lines threatens public safety. County witnesses in *Laclede v. St. Charles County,
Cause No. 0811-CV11939*, testified in deposition that the County does not have the
expertise or ability to do this work in any event.

More than a year ago, Laclede advised the County, as part of its Relocation Plan,
that these Gas Facilities have a weather restriction and cannot be taken out of service
between November 1 and April 1. Kent Thaemert reminded County representatives of
the situation during the Utility Coordination meeting of September 26, 2011.

Laclede has no desire to delay or impede the progress of County road projects. It
has offered many times to relocate its facilities, providing there are adequate and binding
agreements that preserve its constitutional rights to reimbursement for relocation of gas
facilities from utility easements. Each time, the County has rejected such offers and
increased its demands that Laclede surrender its constitutional rights. Each time, the
County has reacted with filing and threats of filing more lawsuits against Laclede for
asserting its constitutional rights.

For this reason, Laclede has filed a Verified Complaint in the United States
District Court for the Eastern District of Missouri seeking declaratory and injunctive
relief against the County under 42 U. S. C. Section 1983 for its actions and threatened
actions to deprive Laclede of its rights secured by the Takings Clause of the Fifth
Amendment to the United States Constitution. A copy of the Verified Complaint is
enclosed.

Mr. Craig Tajkowski
October 11, 2011
Page 3 of 3

     As always, Laclede remains willing to work with the County to relocate its Gas Facilities in timely fashion provided its constitutional rights are preserved.

              Sincerely,

              David P. Abernathy

cc:    Mary M. Bonacori, Esq.
       Mark C. Darrell

# THOMPSON COBURN LLP

One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
www.thompsoncoburn.com

January 4, 2012

Mary M. Bonacorsi
314-552-6014
FAX 314-552-7014
mbonacorsi@
thompsoncoburn.com

Mr. Steven Reed
Secretary/General Counsel
Missouri Public Service Commission
Governor Office Building
200 Madison Street
Jefferson City, MO 65101

Re:    Notice to Commission pursuant to 49 U.S.C. Section 60123
       Laclede Gas Company v. St. Charles County, et al
       Cause No:4:11-cv-01766-HEA
       U.S. District Court Eastern District of Missouri

Dear Mr. Reed:

We represent Laclede Gas Company ("Laclede") in the above-captioned matter involving the threatened tampering with Laclede's transmission lines in the vicinity of Ehlmann Road in St. Charles County. As part of certain road construction projects, St. Charles County ("County") and its general contractor L. J. Krupp Construction, Inc. ("Krupp") have threatened to remove, without further notice, certain active gas transmission lines from easements along this road.

Laclede has filed an action against the County and Krupp in the United States District Court for the Eastern District of Missouri styled *Laclede Gas Company v. St. Charles County, et al, Cause No. 4:11-cv-01766-HEA.* Additionally, Laclede has moved for a Preliminary Injunction in Cause No. 4:11-cv-01766-HEA to prevent the threatened interference with its gas facilities. A copy of the Motion for Preliminary Injunction and other pertinent pleadings, which describe in detail the threatened destruction of Laclede's facilities, are enclosed herewith.

We are providing the Missouri Public Service Commission ("Commission"), as the appropriate State authority under 49 U.S.C. § 60121, with notice that the County and Krupp's threatened conduct is a violation of the National Pipeline Safety Statute, 49 U.S.C. §§ 60101-60301, ("National Pipeline Act") which prohibits damaging or destroying a gas pipeline affecting interstate commerce. 49 U.S.C. §§ 60123. This threatened conduct is also a violation of Laclede's published tariff, P.S.C.MO. No. 5 Consolidated, Fourth Revised Sheet No. R-12, Section 13, and Missouri's anti-tampering statute, R. S. Mo. §§ 569.080 and 569.090.

**EXHIBIT**

**19**

tabbies®

5458764

**Chicago        St. Louis        Southern Illinois        Washington, D.C.**

January 4, 2012
Page 2


On Laclede's behalf, we hereby request that the Commission follow up, as appropriate, with enforcement action to prevent interference with Laclede's facilities. In the event the Commission chooses not to bring an enforcement action against the County and/or Krupp, this letter is Laclede's notification to the Commission that it will seek leave to amend its Verified Complaint in Cause No. 4:11-cv-01766-HEA to assert its private right of action under the National Pipeline Act, 49 U.S.C. §§ 60121.

Please feel free to contact the undersigned and/or David P. Abernathy, Laclede Vice President and Associate General Counsel, at 314-342-0536, if you require further information or wish to discuss this matter. Many thanks for your cooperation.

Very truly yours,

Thompson Coburn LLP


By    _Mary Bonacorsi_

     Mary M. Bonacorsi

MMB/pw


cc:    Bob Leonberger
       Greg Dohrman

5458764



**Commissioners**

**KEVIN GUNN**
Chairman

**TERRY M. JARRETT**

**ROBERT S. KENNEY**

**STEPHEN M. STOLL**

**VACANT**

### *Missouri Public Service Commission*

POST OFFICE BOX 360
JEFFERSON CITY MISSOURI 65102
573-751-3234
573-751-1847 (Fax Number)
http://www.psc.mo.gov

**WESS A. HENDERSON**
Director of Administration
and Regulatory Policy

**STEVEN C. REED**
Secretary/General Counsel

**CHERLYN D. VOSS**
Director of Regulatory Review

January 30, 2012

David Abernathy
Vice President and Associate General Counsel
Laclede Gas Company
720 Olive Street
St. Louis, Missouri 63101

Mary Bonacorsi
THOMPSON COBURN, LLP
505 N 7th Street
Saint Louis, MO 63101

Dear Mr. Abernathy and Ms. Bonacorsi,

In response to your letter dated January 4, 2012, the Missouri Public Service Commission advises that it will not bring an action against St. Charles County under 49 U.S.C. 60121 or other authority to address violations of the National Pipeline Safety Act, 49 U.S.C. sections 60101-60301, violations of Laclede's published tariffs, or Missouri statutes.

Please consider this a waiver of any right the Commission may have to pursue such an action. The Commission's intent is to step aside so that Laclede may pursue whatever action it feels appropriate under state or federal law.

Please call me with any questions.

Yours very truly,

Steven C. Reed
General Counsel

Cc:    Chairman Kevin Gunn
Cc:    Bob Leonberger, PSC Gas Safety Manager

EXHIBIT
tables'
20

*Informed Consumers, Quality Utility Services, and a Dedicated Organization for Missourians in the 21st Century*