**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LACLEDE GAS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV01766 HEA |
| | ) | |
| ST. CHARLES COUNTY, MISSOURI | ) | |
| and L.F. KRUPP CONSTRUCTION, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Laclede Gas Company's

("Laclede") Motion for Preliminary Injunction [ECF No. 21]. Defendant St.

Charles County, Missouri ("County")  filed a Memorandum in Opposition of the

Motion [ECF No. 47], to which Laclede replied [ECF No. 49]. For the reasons set

forth below, the Court will grant, in part, Laclede's Motion for Preliminary

Injunction [ECF No. 21].

## Factual Background

Laclede is a public utility company operating with a certificate of public

convenience and necessity, and is regulated by the Missouri Public Service

Commission. Laclede provides natural gas service by means of gas lines, mains and

other facilities to customers throughout the St. Louis metropolitan area, including

St. Charles County. Laclede maintains gas lines along Pitman Hill Road in St.
Charles County. Pitman Hill Road and the gas lines are located within areas
established as public roads on five recorded subdivision plats. Each of the five
subdivision plats establishes public roads and designates the roads as "utility
easements" or a "utility easement." These plats also specify that one of the purposes
of the utility easements is for the installation and maintenance of "gas lines."
Laclede installed gas facilities within the boundaries of the easements in question
and has been providing natural gas service through these facilities for several years.

Additionally, Laclede maintains gas lines along Ehlman Road in St. Charles
County. The Ehlmann Road Plats dedicate certain property as public streets and
roadways, and they specifically state, "We further designated these streets as utility
easements for purposes of sanitary sewers, gas lines and water lines, and easements
for electric power lines and telephone lines, and storm sewers."

In 2007, County advised Laclede that it was planning County projects for
Pitman Hill, Ehlmann, and Thoele roads which conflicted with the active gas
facilities located in these easements. County requested that Laclede remove and
relocate its gas facilities from the easements in question to accommodate its road
projects. Laclede responded that it was willing to comply with the request;

however, such arrangement to relocate these facilities was contingent on an agreement for reimbursement of the costs associated with the project.

In 2008, another relocation project arose and the County filed an action in St. Charles County Circuit Court seeking a declaratory judgment that it had no obligation for payment of Laclede's relocation costs attributable to the Pitman Hill Easements. St. Charles County Circuit Court granted summary judgment to the County in the litigation and Laclede appealed. On August 31, 2011, the Missouri Supreme Court reversed the ruling on summary judgment in favor of County and held that the Pitman Hill easements were protected under the Takings Clause of the Fifth Amendment, and that Laclede cannot be compelled to relocate its facilities from the easements in question without reimbursement of its relocation costs from the County.

On October 11, 2011, Laclede brought the following underlying claims against County: (1) Violation of 42 U.S.C. § 1983 against County; (2) Nuisance against County; (3) Negligence against Krupp; (4) Declaratory Judgment regarding Constitutionality of § 229.360 R.S.Mo against County [ECF No. 1]. On December 6, 2011, Laclede filed its First Motion for Preliminary Injunction and Request for Expedited Hearing [ECF No. 21]. On March 8 and March 9, 2012, the parties presented oral argument before the Court regarding their respective positions in

3

relation to the Motion for Preliminary Injunction, and subsequently  filed their

respective Proposed Findings of Fact and Conclusions of Law [ECF Nos. 92 and

96].

## Discussion

In determining whether a preliminary injunction is warranted, the Court is

guided by *Dataphase Systems, Inc. v. C L Systems, Inc*., 640 F.2d 109 (8th

Cir.1981).  "The primary function of a preliminary injunction is to preserve the

status quo until, upon final hearing, a court may grant full, effective relief."

*Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d

1059, 1065 (8th Cir.1997) (internal quotation omitted).  Injunctive relief is only

appropriate where the party seeking the relief has no adequate remedy at law.  The

relevant factors to be considered by a district court are: "(1) the probability of

success on the merits; (2) the threat of irreparable harm to the movant; (3) the

balance between this harm and the injury that granting the injunction will inflict on

the other interested parties; and (4) whether the issuance of an injunction is in the

public interest."  *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir .

2000) (citing *Dataphase*, 640 F.2d at 114).

No one factor is dispositive of a request for injunction; the Court considers

all of the factors and decides whether "on balance, they weigh towards granting the

4

injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994)

(quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th

Cir.1987).  However,  no single factor is dispositive, but the movant must establish

a threat of irreparable harm.  *Dataphase*, 640 F.2d at 113.  Without a finding of

irreparable injury, a preliminary injunction should not be issued.  *Modern*

*Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989)

(en banc).  The burden of establishing that preliminary relief is warranted is on the

party seeking the injunction.  *Baker* Elec., 28 F.3d at 1472.  In this case, the Court

finds that the *Dataphase* factors have been satisfied, and a preliminary injunction

will issue.

## Preliminary Injunction Analysis

### *Threat of Irreparable Harm*

Irreparable harm must be certain and imminent such that there is a clear and

present need for equitable relief. *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th

Cir.1996).  Furthermore, the remedy at law must be inadequate.  *Gen. Motors Corp.*

*v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir.2009).  An irreparable injury is

an injury "of such a nature that money damages alone do not provide adequate

relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir.2008). "[T]he

absence of a finding of irreparable injury is alone sufficient ground for [denying a]

preliminary injunction." *Guy Carpenter & Co. v. John B. Collins Associates, Inc.*, 179 F.App'x 982, 983 (8th Cir.2006) (quoting *Dataphase*, 640 F.2d at 114 n. 9) see also, *General Motors Corp*., 563F.3d at 320.

Laclede contends that it will suffer irreparable harm by the violation of its constitutional rights–i.e., the continuing threats to deprive Laclede of its property without just compensation–and, by County's interference with active gas lines which endanger the public safety and jeopardize utility service to Laclede's customers. The neighborhood plats that designate Laclede's utility easements–both the Pitman Hill and Ehlmann Road easements– specifically state that one of the purposes of the utility easements is for the installation and maintenance of "gas lines." The County's construction of new retaining walls and more dirt fill over the Pitman Hill Easement, and hiring an outside company for the removal of the Ehlmann Road gas lines,  would certainly obstruct Laclede's ability to maintain the gas line. Furthermore, it would pose a serious threat of irreparable harm to the numerous St. Charles County residents who rely on Laclede's utility services. The potential irreparable harm both Laclede and the public would suffer is not an injury which monetary damages would remedy.As such, Laclede has succeeded in showing that a serious threat of irreparable harm exists–both toward Laclede and the public in general.

6

***Probability of Success on the Merits***

The court must also consider the "most significant" *Dataphase* factor:

likelihood that the movant will prevail on the merits.  *S & M Constructors, Inc. v.*

*Foley Co.*, 959 F.2d 97, 98 (8th Cir.1992).  At this stage in the proceeding, the

court does not decide whether the movant will ultimately win, nor must the movant

prove a greater-than-fifty-percent likelihood of success.  See *Glenwood Bridge,*

*Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir.1991); *Dataphase*, 640 F.2d

at 113.

As discussed above, the parties recently argued some of these same issues

before the Missouri Supreme Court.[1] In *St. Charles County, Missouri v. Laclede*

*Gas Company,* 356 S.W.3d 137, (Mo. 2011), 2011 WL 3837157 (Mo.), in a

unanimous decision, the court held that: (1) requiring [Laclede] to pay the costs of

relocating gas lines due to road construction would have amounted to an

unconstitutional taking; (2) requiring County to reimburse [Laclede] the cost of

relocating gas lines did not limit the county's police power over public roads; (3)

doctrine of merger did not preclude [Laclede] from recovering the cost of

relocating its gas lines; (4) easement constituted a compensable property right

---

[1]    In *St. Charles County, Missouri v. Laclede Gas Company,* 356 S.W.3d 137, (Mo. 2011), 2011 WL 3837157 (Mo.), the Missouri Supreme Court only addressed the Pitman Hill Road project, not the Ehlmann Road project.

7

irrespective of whether it was acquired prior to or contemporaneously with the creation of the public right of way; and (5) even though language establishing the public roadway appeared before the language establishing the utility easements in subdivision plats, no priority of interest was created in the public roadway.

The Missouri State Supreme Court came to its conclusion under the guidance of Missouri state case law and United States Supreme Court precedent, which notes that because an easement is subject to the Takings Clause of the Fifth Amendment, the general rule is that when a utility's right to construct and maintain its utility equipment is premised upon an easement, the utility is not responsible for the costs of relocating its equipment. *Panhandle E. Pipe Line co. v. State Highway Comm'n,* 294 U.S. 613, 617-618, 55 S.Ct. 563, 79 L.Ed. 1090 (1936); *Riverside-Quindaro Bend Levee Dist., Platte County v. Missouri American Water Co.*, 117 S.W.3d 140, 156 (Mo. App.2003). With this principle in mind, and in light of the Missouri Supreme Court's ruling in the related state case, the "probability of success" factor convincingly weighs in favor of Laclede.

Although the Missouri Supreme Court was only addressing the Pitman Hill Road project in its holding, the Court finds the ruling applicable to the Ehlmann Road project as well. The operative language in the Ehlmann Road Plat is

remarkably similar to the Pittman Hill Plat operative language. Both plats dedicate "utility easements" for the purposes of "gas lines." As such, the court's rationale, and the controlling precedent upon which it relied, can be used as guidance here. In light of the Missouri Supreme Court's decision in *St. Charles County, Missouri v. Laclede Gas Company*, the Court finds that the "probability of success" factor in relation to the Ehlmann Road project also convincingly weighs in favor of Laclede.

### *Balance of Harms*

Under the third *Dataphase* factor, the Court considers whether any irreparable harm to the movant outweighs any potential harm to the nonmovants should the injunction issue.  See *Dataphase*, 640 F.2d at 114. Here, the balance of hardships also tips in favor of Laclede. As discussed above in relation to the irreparable harm factor, should injunction not issue in favor of Laclede, the threat of irreparable harm runs twofold: Laclede's constitutional rights and its ability to maintain the Pitman Hill and Ehlmann Road Easements would be threatened, and the public's access to the utility service, and its safety, could also be threatened. The County, however, would only face whatever monetary loss is associated with contracting with Laclede. This harm is marginal though in light of the fact that a) in any event County would have to pay an entity for this work, and b) Laclede is

9

likely the most suitable entity to perform the work since they installed and maintained the gas lines from the inception. As such, the "balance of harms" weighs in favor of Laclede with regard to the Pitman Hill and Ehlmann Road projects.

### Public Interest

In this instance, the "public interest" factor weighs in favor of Laclede as well. It is undisputed that the both the Pitman Hill and Ehlmann Road gas lines serve numerous customers who are citizens of the St. Charles area. There is currently a 200 foot retaining wall ("Retaining Wall #3") and 6-8 feet of fill over the Pitman Hill Easement area. County's Pitman Hill Project proposes to construct two more retaining walls, along with 6-8 feet of fill directly over Laclede's Pitman Hill Easement. County's proposal to further obstruct Laclede's access to the gas line, and County's plan to remove the Pitman Hill and Ehlmann Road gas lines altogether–without the assistance of Laclede, the party responsible for installing and maintaining the gas line–poses a threat to the public's general safety and its gas utility service. Obviously, the removal of active gas lines comes with certain risks, regardless of the entity removing it. The idea of having an outside entity, one that may not be familiar with Laclede's installation and removal process and procedure,

10

enhances the risk for a potential explosion or leak. As such, the "public interest" factor also weighs in favor of Laclede.

Laclede also asks the Court to order removal of Retaining Wall #3 or alternatively, require County to take all necessary actions to permit abandonment of and relocation of the subject gas main. At this time, when analyzed under the aforementioned *Dataphase* factors, the Court does not find it necessary or proper to order removal of Retaining Wall #3. County is ordered, however, to allow Laclede's access to the gas lines that run under Retaining Wall #3 on the Pitman Hill tract. County must do so by conveying substitute easements to Laclede that allow Laclede's access to the subject gas main. Laclede further requests that the Court deposit Laclede's estimated relocation costs with the Clerk of Court pending a final resolution of this case on the merits. The Court does not deem such a request proper, or necessary, at this time.[2]

Accordingly,

---

[2]     The Court acknowledges that County's Motion to Dismiss for Lack of Jurisdiction [ECF No. 5] is still pending and awaiting a ruling. A subsequent Order ruling on said Motion will issue in the near future.

**IT IS HEREBY ORDERED** that Defendant St. Charles County, Missouri is permanently enjoined from constructing any additional portion of retaining wall on top of the Pitman Hill gas lines on the Pitman Hill easement.

**IT IS FURTHER ORDERED** that Defendant St. Charles County, Missouri is permanently enjoined from removing, or hiring another entity–aside from Plaintiff Laclede Gas Company–to remove, any portion of the Pitman Hill gas line located on the Pitman Hill easement.

**IT IS FURTHER ORDERED** that Defendant St. Charles County, Missouri is permanently enjoined from removing any portion of the Ehlman Road gas lines from the aforementioned Ehlmann Road easement.

**IT IS FURTHER ORDERED** that  Defendant St. Charles County, Missouri must allow Laclede's access to the gas lines that run under Retaining Wall #3 on the Pitman Hill tract. County must do so by conveying substitute easements to Laclede that allow Laclede's access to subject gas main.

Dated this 2nd day of July, 2012.

12

HENRY EDWARD AUTREY

UNITED STATES DISTRICT JUDGE