# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LACLEDE GAS COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:11CV01766 HEA |
| ST. CHARLES COUNTY, MISSOURI and L.F. KRUPP CONSTRUCTION, INC., | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motions to Dismiss for Lack of Jurisdiction and for Failure to State a Claim, [Doc. No.'s 88 and 90]. For the reasons set forth below, the Motion is denied.

## Factual Background

As stated by the United States Court of Appeals for the Eighth Circuit:

>This dispute involves the rights of a local government, St. Charles County, Missouri ("County"), and the rights of a public utility, Laclede Gas Company ("Laclede"), in shared easements. The County takes the position that Laclede must alter or relocate*415 its gas lines without compensation if the County so demands. Laclede disagrees and, so far, has been successful in the state courts. Despite this success, the County, according to Laclede, persists in its efforts to interfere with Laclede's gas lines. Among other things, Laclede claims that the County's threatened actions endanger the public safety.

*Laclede Cas Co. V. St. Charles County, Mo*, 713 F.3d 413, 414 (8th Cir. 2013).

The Eighth Circuit examined whether this Court did indeed possess subject matter jurisdiction:

> The County also argues that the court lacks jurisdiction over Laclede's PSA claim because it is really just a "quintessential state law claim" under *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 554–55 (4th Cir.1999). In *Drain*, the Fourth Circuit concluded that the PSA did not create jurisdiction over a claim that a private landowner's building encroached upon a gas company's easement. *Id.* Unlike *Drain*, which involved little more than determining the boundary of an easement, this matter involves an ongoing threat by the County to remove and relocate Laclede's gas lines, thereby threatening physical damage to the pipeline and as well as threatening the public safety. Such an ongoing and active threat is squarely within the wheelhouse of the PSA's injunctive relief provision—a provision that is obviously intended to enforce the federal prohibition against the knowing and willful infliction of damage to a regulated pipeline. In sum, an imminent threat of physical damage to a pipeline with the concomitant endangerment of the public, such as the one presented here, is sufficient to provide a federal district court with jurisdiction under PSA sections 60121(a)(1) and 60123(b) for the purposes of injunctive relief. The fact that the threat may find its genesis in a state law dispute does not defeat the federal question.

*Id.*, at 418. Thus, by the Appellate Court's clear articulation of the jurisdictional requirements of the PSA, this subject matter jurisdiction is present in this case. The Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied.

With regard to the pleading requirements of Rule 12(b)(6), Plaintiff has sufficiently alleged its claim. Again, the Eighth Circuit answered this query in the affirmative in affirming this Court's grant of a preliminary injunction:

> In addressing this factor, the district court relied on St. Charles County v. Laclede Gas Co., where the parties previously raised arguments similar to those in this case. In that case, the Missouri Supreme Court relied upon United States Supreme Court precedent to conclude that "when a utility's right to construct and maintain its utility equipment is premised upon an easement, the utility is not responsible for the costs of relocating its equipment." 356 S.W.3d at 140 (citing Panhandle E. Pipe Line Co. v. State Highway Comm'n, 294 U.S. 613, 617–18, 55 S.Ct. 563, 79 L.Ed. 1090 (1935)). With this principle in mind, and in light of the Missouri Supreme Court's ruling, the district court determined the probability-of-success factor convincingly weighed in favor of Laclede. In doing so, the district court noted that the Missouri Supreme Court opinion only addressed PHR, and not ER. However, because the operative language in the PHR and ER easements was remarkably similar, the district court decided to use the Missouri Supreme Court's rationale as guidance.
>
> The County asserts that the district court failed to recognize the proper scope of the public's rights in its own roads, and therefore, its analysis under Dataphase was tainted. In making this assertion, the County rehashes several of the arguments previously rejected by the Missouri Supreme Court's opinion. The County persists in making these arguments even though it acknowledges that this court is bound by the Missouri Supreme Court's interpretation of Missouri law. See Missouri v. City of Glasgow, 152 F.3d 802, 805–06 (8th Cir.1998). Plainly put, the County's odd argument—essentially, that the Missouri Supreme Court's opinion was either wrong or need not be followed—has no legal support. This is especially true given the

County's concession, at oral argument, that Laclede has prevailed in the state ER Proceeding brought by the County.

    2. Public Interest

The district court also determined that the "public interest" factor weighed in favor of Laclede. In making this determination, the district court found that Laclede's PHR and ER gas lines served numerous customers in the St. Charles area, a 200–foot retaining wall and six to eight feet of fill were directly over Laclede's Pitman Hill easement, the County had proposed to construct two more retaining walls on the Pitman Hill easement, and the County was planning to remove gas lines along PHR and ER without Laclede's assistance. Moreover, and very importantly, we agree that the removal of gas lines along PHR and ER without the assistance of Laclede, as proposed by the County, enhances the risk of a potential explosion or leak and endangers the public safety. Indeed, at oral argument, the County conceded that neither the County nor its contractor had any experience removing pipelines. In sum, these factual findings are not clearly erroneous.

III. CONCLUSION

To protect the public safety, and for other reasons, the district court stepped in when the County refused to adhere to the opinion of the Missouri Supreme Court in litigation it brought against Laclede. The district court had jurisdiction under the PSA, a federal statute that specifically authorized the district court to enjoin threats to damage pipelines. The issuance of a preliminary injunction in those circumstances was not error. Accordingly, the decision below is affirmed.

Based upon the foregoing, the Motions to Dismiss are not well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, [Doc.

No's. 88 and 90], are **DENIED.**

Dated this 27th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE